[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to strike the first count of the complaint because it is based upon a statement made by the defendant to the Employment Security Division of the Connecticut Department of Labor with respect to the plaintiff's claim for unemployment compensation. The defendant argues that the statement in issue is absolutely privileged under Connecticut Supreme Court case law and cannot form the basis of a cause of action.
The plaintiff recognizes Petyan v. Ellis, 200 Conn. 243
(1986), and the cases upon which it is based, for the rule that an employer who discharges an employee has an absolute privilege when supplying information necessary to the Employment Security Division of the Department of Labor, however, he claims that such holding is limited to the facts therein. He argues that Petyan merely prohibits the use of libelous or defamatory statements made in the course of a quasi-judicial proceeding but that where the employer makes a false statement, such conduct can be relied upon in his claim for wrongful discharge.
In his memorandum of law, the plaintiff argues that the false statement by the defendant to the Connecticut Employment Compensation Commission to wit: that plaintiff's termination was for "lack of work", constituted a breach of public policy in that it served to undermine the integrity of the unemployment compensation system thereby resulting in a wrongful termination of employment.
There are two problems with his position. It is without question that an employee may challenge the propriety of his firing when it involves a demonstrably unproper reason which is derived from some important violation of public policy. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980). However, assuming, as we must, that the reason given on the plaintiff's termination was indeed false[1], this conduct does not constitute an actionable tort for which the plaintiff may seek damages. It is perhaps evidence of fraud, which potentially subjects the person who made the statement to criminal sanctions (see C.G.S. 31-273 (d) and 53a-156), but the plaintiff is not a CT Page 3937 direct beneficiary of such provision. While the statement in issue may be evidence of wrongful termination, it does not constitute a separate and distinct case of action. The public policy considerations behind the entire unemployment compensation system inures to everyone's benefit, which is why someone who violates one of its provisions, particularly if under oath, may be subject to sanctions. However, the public policy against knowingly providing false information did not case or result in plaintiff's wrongful discharge. It is perhaps merely evidence that the termination was wrongful because of its falseness. Similarly, the lying in issue did not cause or result in the termination, but rather is perhaps evidence of its wrongfulness. This makes it no different and perhaps ever more deserving of a privileged status than the libelous remarks protected in Petyan v. Ellis, supra.
Additionally, the Court in this seminal case, repeatedly used the phase "absolute privilege", and distinguished it from one merely qualified, and reconfirmed that the dictates of public policy require that an employer involved in a unemployment compensation proceeding be able to state his reasons for termination. Id. at 250-251. Although there is no "really effective civil remedy against perjurers", that lack is "simply part of the price that is paid for witnesses who are 1. free from intimidation by the possibility of civil liability for what they say." Prosser Keeton, Torts (5th Ed. 114, p. 817).
Therefore, the motion to strike is granted.
KATZ, JUDGE